**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Santiago MARTINEZ–GALVAN, Defendant–Appellant.**

No. 04–20409.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided June 21, 2005.

---

lic Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

 Santiago Martinez–Galvan (Martinez) appeals the sentence imposed following his guilty plea to being an alien in possession of a firearm. He argues that the district court's reliance on hearsay testimony for purposes of assessing a four-level increase pursuant to U.S.S.G. § 2K2.1(b)(5) violated his Fifth and Sixth Amendment rights to due process and to confront adverse witnesses. Martinez's claim is foreclosed by *United States v. Navarro*, 169 F.3d 228, 236 (5th Cir.1999), which held that "there is no Confrontation Clause right at sentencing."

Martinez also argues that the U.S.S.G. § 2K2.1(b)(5) enhancement violated his Sixth Amendment rights pursuant to *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). As Martinez failed to raise this claim in the district court, our review is for plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517).

 Martinez meets the first two prongs of the plain error test because the enhancement was based on facts found by the district court, which constitutes obvious error after *Booker. See id.* at 521. Nevertheless, Martinez's *Booker* claim fails at the third step of the plain error

Paula Camille Offenhauser, Assistant U.S. Attorney, James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Pub-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

test because he has not shown that the error affected his substantial rights. There is no indication in the record that the district court would have imposed a lower sentence under an advisory as opposed to a mandatory Sentencing Guideline regime. *See id.* at 522.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.